IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

```
BAYSAH J. KORTI,              )
                              )
Plaintiff,                    )
                              )
vs.                           )   CAUSE NO. 1:13-CV-63
                              )
A.W. HOLDINGS, LLC,           )
d/b/a Anthony Wayne           )
Services,                     )
                              )
Defendant.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Summary Judgment, filed by Defendant, A.W. Holdings, LLC d/b/a Anthony Wayne Services, on July 8, 2013 (DE #25). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Defendant first argued that Plaintiff, Baysah J. Korti ("Korti") is judicially estopped from pursuing his race and national origin claims against Defendant, A.W. Holdings, LLC d/b/a Anthony Wayne Services ("AWS") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* and 42 U.S.C. § 1981 because he failed to identify his purported claim as a potential asset in his sworn declaration of assets that he submitted in a Chapter 13 bankruptcy proceeding. Defendant originally contended

that, because Plaintiff failed to disclose the potential asset, Korti should be estopped from pursuing this lawsuit and summary judgment is appropriate. What proceeds next is the product of many rounds of briefs.

Plaintiff filed a response in opposition (DE #32) arguing that when Plaintiff's original bankruptcy case was filed on November 3, 2011, he honestly believed he did not have an interest in any pending or potential lawsuit. On April 4, 2012, Plaintiff was terminated from his employment with AWS (which termination is the basis for his discrimination claims) and he could not sustain his bankruptcy petition, so he dismissed his bankruptcy petition. After dismissal, Korti received his right to sue letter from the EEOC. Then, Plaintiff filed a second Chapter 13 bankruptcy on February 14, 2013. During the second bankruptcy proceeding, Korti disclosed his claim to the Trustee at a meeting of the creditors and his counsel drafted an amendment and modification to his bankruptcy Plan, agreeing to turn over any proceeds from any settlement or disposition of this litigation. Thus, Plaintiff believes he should not be estopped because he contends his initial failure to disclose was not done in bad faith, and in the current bankruptcy proceeding, he informed the Trustee of the lawsuit and filed an amendment and modification to the Plan.

In its reply, Defendant argues for the first time that Plaintiff should be judicially estopped from bringing the present

claims for his own benefit, and that any and all damages recovered should go toward paying Korti's creditors and the bankruptcy Trustee, capping the amount of damages at the amount owed in the bankruptcy proceeding. (DE #35.)

Plaintiff then argues in his sur-response that Defendant seemingly concedes that Korti may proceed with his current claim and that Defendant's argument that Korti's damages should be capped and he cannot personally benefit from any recovery is an argument improperly set forth for the first time in a reply brief, and the Bankruptcy Court should be the entity to hear that argument. (DE #38.)

Defendant then filed a sur-reply (DE #42). Defendant argues that Korti only belatedly amended his Schedule B to his second bankruptcy petition after Defendant filed the instant motion for summary judgment based upon judicial estoppel. Once again, Defendant argues that Korti is judicially estopped from recovering any damages for his personal benefit, or any more than he may owe to his creditors, but states that *Rainey v. UPS*, 466 F. App'x, 542 (7th Cir. 2012) "does permit the present lawsuit to proceed." (DE #42, p. 5.)

Then, Plaintiff filed a sur-sur-response, and quoted recent case law while continuing to argue that Korti's claims should not be dismissed on the theory of judicial estoppel. (DE #45.)

3

Finally, in the last brief submitted to this Court, Defendant conceded that in light of *Rainey*, Korti is not judicially estopped from proceeding with this case. AWS then "withdr[ew] its request that the Court dismiss this case in its entirety on the grounds of judicial estoppel because Korti rectified his nondisclosure of this litigation." (DE #46, p. 2.) AWS then argues that Korti should still be precluded from recovering any damages for his personal benefit and that AWS could not have raised that issue before its reply brief because Korti did not disclose the lawsuit to his bankruptcy counsel until after the motion for summary judgment was filed. *Id.*

This case is fully briefed and ripe for adjudication.

<u>Undisputed Facts</u>

The undisputed facts in this case are straightforward. On November 3, 2011, Korti filed a Voluntary Petition for Chapter 13 bankruptcy. Schedule B listed his personal property, and Korti swore under penalty of perjury that he did not have any "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to set offs." (Def.'s Ex. B, Not. Of Bankr. Case Filing, 11-14138.)

While that claim was pending, on April 4, 2012, Plaintiff was terminated from his employment with Defendant. Plaintiff claims the termination was wrongful, and it is the basis for the wrongful

4

termination claims in the present suit.  Korti then filed a Charge of Discrimination against AWS on April 9, 2012.  (Pl.'s Ex. C.)  In his Charge of Discrimination, Korti alleges that AWS terminated him and discriminated against him on the basis of his race and national origin.

Plaintiff notified his bankruptcy attorney of his job loss and she explained to Korti that he must have consistent income to sustain his bankruptcy and that without a job, his bankruptcy would likely fail.  (Pl.'s Ex. A, Korti Aff. ¶ 7.)  Indeed, the Bankruptcy Trustee moved to dismiss the original bankruptcy petition because Korti failed to make payments as required by the terms of the Chapter 13 plan.  (Def.'s Ex. C.)  Korti tried to find gainful employment, but he was unsuccessful.  Consequently, Korti moved to dismiss the Petition because he could no longer make the required payments.  (Def.'s Ex. D.)  The original bankruptcy petition was dismissed on October 17, 2012 without a discharge. (Def.'s Ex. E.)

About two months after his first bankruptcy petition was dismissed, Korti received a Right to Sue letter in connection with his Charge of Discrimination on December 10, 2012.  (Def.'s Ex. F.)

Korti then filed a second Voluntary Petition for Chapter 13 bankruptcy on February 14, 2013.  (Def.'s Ex. G.)  Korti did not list his EEOC Charge of Discrimination or any potential claims against AWS anywhere on Schedule B.  Every creditor who asserted a

claim in Plaintiff's original bankruptcy is currently listed in Plaintiff's pending bankruptcy. (Pl.'s Ex. G.) Korti filed the present lawsuit alleging race and national origin discrimination on March 4, 2013. (DE #1.)

During Plaintiff's 341 Meeting of Creditors, held on March 28, 2013, Plaintiff disclosed his claim to the Trustee. (Korti Aff. ¶ 18.) On approximately June 6, 2013, a letter regarding an upcoming deposition in this case was sent to Korti from Christopher C. Myers & Associates. (*Id.* ¶ 19.) Shortly thereafter, Plaintiff took the letter to his bankruptcy attorney, Laura Boyer-King (over one month before Defendant's Motion for Summary Judgment was filed). (*Id.* ¶ 20.) Ms. King drafted an Amendment and Notice of Amendment to Plaintiff's Schedule B and a Modification to Plan with accompanying Motion, in which Plaintiff agreed to "turn over any proceeds from the settlement, award or other disposition of the litigation pending before the United States District Court for the Northern District of Indiana." (Pl.'s Ex. L.) Those documents were filed with the Bankruptcy Court on August 19, 2013. *Id.*

The Chapter 13 Trustee has consented to Plaintiff's modification to the Plan, and on September 12, 2013, Judge Robert E. Grant granted the modification. (DE #36-5.) The Modification states Plaintiff agrees to turn over any proceeds from his civil action to the Trustee as additional funding to the Plan. *Id.*

DISCUSSION

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant must support its assertion that a fact is genuinely disputed by citing to particular parts of materials in the record. Fed. R. Civ. P. 56(c); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).

"Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect* the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"A party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley Country REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.,* 955 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Judicial Estoppel

In its opening brief, AWS argued that the doctrine of judicial estoppel precludes Korti from maintaining this suit based upon his failure to disclose it in his previous Chapter 13 bankruptcy, and

8

when he first filed his current bankruptcy petition. Of course, it is undisputed that Korti did inform the Trustee and his bankruptcy attorney during his 341 Meting of Creditors, and then filed an Amended Schedule B and Notice of Amendment to include his civil claim in his Schedule B and Modification of Plan. In the Plan Modification, Plaintiff agreed to "turn over any proceeds from the settlement, award or other disposition of the litigation." (Pl.'s Ex. I.)

Judicial estoppel is an equitable doctrine used in the court's discretion to prevent litigants from gaining by taking inconsistent positions in separate proceedings. *See, e.g., Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). Courts may apply the doctrine where:

> (1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003). Estoppel "is to be applied where intentional self-contradiction is being used as a means of obtaining [an] unfair advantage." *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 106 F.3d 1388, 1396 (7th Cir. 2997) (internal quote and citation omitted). In contrast, courts should not apply the doctrine where the debtor's

failure to disclose was the result of mistake or inadvertence. *See, e.g., In re Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990).

In this case, Defendant has cited to nothing in the record to indicate that Korti intentionally omitted the litigation from his first filing, or at the beginning of the second petition, or that he possessed a bad motive. In his affidavit, Korti attested that "[a]t no time was I under the knowledge, impression or belief that I was required to notify the Court of my Charge of Discrimination" and that he never "purposefully withh[e]ld information from [his] bankruptcy attorney, Chapter 13 Trustee or the Bankruptcy Court." (Korti Aff. ¶¶ 14, 15, 23.) When Korti filed his second Chapter 13 Bankruptcy, he notified the Trustee at the 341 Meeting of Creditors that he "may have a lawsuit" and then later had his attorney draft an amendment to the Schedule B and a Modification to the Plan. (*Id.* ¶¶ 18, 20.)

In their response memorandum, Korti cites to *Rainey v. United Parcel Serv., Inc.*, 466 F. App'x 542, 544 (7th Cir. 2012). *Rainey* also involved a debtor who omitted an EEOC charge from a Chapter 13 petition. After the bankruptcy case closed, the EEOC issued a right to sue letter and the debtor sued his employer. The lower court dismissed the lawsuit because the debtor lacked standing, the bankruptcy case was closed, and the trustee did not have a chance to administer or abandon the claims so they remained part of the estate. *Id.* at 543-44. However, the court ruled the debtor could

pursue the litigation claims if the bankruptcy court reopened his case. *Id.* at 544. On appeal, the debtor sought to vacate the dismissal as he had succeeded in reopening his Chapter 13 case and amended the schedule of personal property to include the discrimination claims. *Id.* The Seventh Circuit specifically rejected the employer's argument that the debtor was barred from pursuing the claims because he had not disclosed them earlier, reasoning as follows:

> [A]s long as the bankruptcy proceedings are ongoing - which is now the situation as to Rainey - a Chapter 13 debtor can inform the trustee of previously undisclosed legal claims, and unless the trustee elects to abandon that property, the debtor may litigate the claims on behalf of the estate and for the benefit of the creditors without court approval. . . . Preventing Rainey from bringing his claims would undermine the interests of his creditors . . . ."

*Rainey*, 466 F. App'x at 544-45; *see also Aikens v. Soul Circus, Inc.*, No. 09 C 6678, 2011 WL 2550828, at *4 n. 5 (N.D. Ill. June 24, 2011 (emphasis in original) (citations omitted) ("The 'own benefit' distinction is important: judicial estoppel is an equitable doctrine, and the Seventh Circuit has stated that it would be inequitable to use the doctrine to harm creditors . . . . Thus, unless the bankruptcy estate *itself* engages in 'contradictory litigation tactics,' there is no estoppel on behalf of the estate.").

11

This Court believes, along with the rationale stated in *Comein v. City of Country Club Hills*, No. 11 C 5766, 2013 WL 5408640, at *3 (N.D. Ill. Sept. 26, 2013), that the holding in *Rainey*:

> [I]s particularly appropriate where, as here, the debtor's inadvertence or mistake, as opposed to intentional concealment designed to mislead, is the reason for nondisclosure in a bankruptcy petition. *See New Hampshire v. Maine*, 532 U.S. 742, 753 (2001) ("We do not question that it may be appropriate to resist application of judicial estoppel where a party's prior position was based on inadvertence or mistake."); *Lujano*, 2012 WL 4499326, at *10 ("[C]ourts should not apply the doctrine where the debtor's failure to disclose was the result of mistake or inadvertence. Instead, estoppel is to be applied where intentional self-contradiction is being used as a means of obtaining an unfair advantage.").

Indeed, this line of case law is so fitting, and so ironclad, that Defendant actually concedes in his reply memorandum (in contrast to his original argument in support of summary judgment) that Korti's claims "should not be dismissed" (DE #35, p. 3) and then specifically states in its sur-sur reply that AWS withdraws its request that the Court dismiss this case in its entirety on the grounds of judicial estoppel. (DE #46, p. 2.) This Court agrees that Plaintiff should not be judicially estopped from pursuing the instant litigation against AWS. There is no evidence suggesting that Korti's nondisclosure was in bad faith, and because the creditors in this second proceeding are the same as the first, they will not suffer any prejudice either.

The last issue, though, is one that the Defendant inserted for the first time in its reply memorandum. Defendant contends that Korti should be judicially estopped from recovering more than he owes his creditors and that the "available damages in this case should be capped to the amount owed in Korti's bankruptcy proceeding." (DE #35, p. 3.) Plaintiff has directed this Court to the analogous case of *Osterhout v. Wal-Mart Stores East, LP*, No. 2:10 CV 363, 2012 WL 1434842 (N.D. Ind. Apr. 25, 2012), in which the Defendant filed a motion to dismiss, but then conceded in their reply that their argument of judicial estoppel was foreclosed based upon *Rainey*. (*Id.* at *1.) Defendants withdrew their request to dismiss the plaintiff's claim, but raised the new issue of asking the court to limit Plaintiff's damages to the amount owed to her creditors in her bankruptcy case, arguing "she should not be rewarded for attempting to defraud her creditors by her delay in notifying the trustee of this lawsuit." (*Id.* at *2.) Defendants also asked the court to "declare that [Plaintiff] may only pursue her case on behalf of the bankruptcy estate." *Id.* The court denied the request, noting that arguments raised for the first time in a reply brief are waived. *Id.* (citing *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011); *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011)). But it also rationalized that:

> [E]ven if the Court considered the arguments, the Court must defer their resolution to the expertise of the Bankruptcy Court. If, as the Defendants suggest, the Plaintiff intended to defraud her

> creditors and the Bankruptcy Court makes such a
> finding, it may determine the appropriate remedy
> for that conduct. Similarly, whether [Plaintiff]
> may only pursue her case for the benefit of the
> bankruptcy estate is within the jurisdiction of the
> bankruptcy court.

*Osterhout*, 2012 WL 11434842, at *2.

This Court agrees with all of the reasoning set forth in *Osterhout* - it was improper for Defendant to set forth the new issue of whether Korti's damages should be capped at the amount he owes to his creditors for the first time in its reply brief.[1] Moreover, even if this Court considered the merits of the argument, the bankruptcy court is the proper entity to determine this issue. The Chapter 13 Trustee has consented to Plaintiff's Modification Plan, and Judge Robert E. Grant granted the Modification. (Pl.'s Ex. D.) The Modification states that Plaintiff will turn over any proceeds from his civil action to the Trustee as additional funding to the Plan. Whether Korti's damages should be limited to the amount owed to his creditors in his bankruptcy case is an issue within the jurisdiction of the bankruptcy court.

---

[1] Defendant argues that AWS could not have addressed this issue in its original summary judgment motion because Korti did not list the lawsuit as a bankruptcy asset until after the motion for summary judgment was filed. Nevertheless, at the time the instant motion was filed, on July 8, 2013, Korti had already disclosed to the Trustee at the 341 Meeting of Creditors, that he may have a lawsuit, and had already consulted with his bankruptcy attorney. (Korti Aff. ¶¶ 18, 20.) Even assuming, *arguendo*, AWS did not waive this argument, the Court additionally finds it fails on the merits.

CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment, filed by Defendant, A.W. Holdings, LLC d/b/a Anthony Wayne Services (DE #25), is **DENIED**.

**DATED: February 26, 2014**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**